**DEASEY, MAHONEY & VALENTINI, LTD.**
BY:  George R. Zacharkow (GRZ 7099)
1601 Market Street, 34th Floor
Philadelphia, PA 19103
(215) 587-9400 (phone)
215-587-9456 (fax)
Email: GZacharkow@dmvlawfirm.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WILLIAM H. KOPKE , JR., INC.**<br>1000 Northern Boulevard<br>Suite 200<br>Great Neck, NY 11021<br><br>*Plaintiff*<br><br>v.<br><br>**MAERSK A/S, T/A SEALAND AMERICAS**<br>2799 South Columbus Blvd.<br>Philadelphia, PA 19148<br><br>*Defendant* | CIVIL ACTION |

## COMPLAINT IN ADMIRALTY

Plaintiff, William H. Kopke , Jr., Inc., by and through its attorneys, Deasey, Mahoney & Valentini, Ltd., hereby brings this civil action against Defendant, and in support thereof represents upon information and belief, as follows:

### JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Court has jurisdiction pursuant to 28 U.S.C. §1333. Pursuant to the forum selection provision in the applicable Bills of Lading, this

1

District has exclusive jurisdiction to hear disputes regarding shipments of goods to the United States.

## PARTIES

2. At all times hereinafter mentioned, Plaintiff, William H. Kopke, Jr., Inc. (hereinafter "Plaintiff" or "Kopke"), was and still is a corporation organized and existing under the laws of the State of New York, with an address and principal place of business as set forth in the caption, and was engaged in the business of importing and distributing fruit and perishable goods.

3. Upon information and belief, at all times hereinafter mentioned, Defendant, MAERSK A/S, t/a SEALAND AMERICAS, (hereinafter "Maersk"), was and still is a corporation organized and existing under the laws of a foreign state, with an office and place of business as set forth in the caption, and was and still is the owner and/or disponent owner and/or charterer and/or manager and/or operator of the M/V SAFMARINE MAKUTU, and was engaged in the common and/or private carriage of merchandise by water for hire.

4. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the shipments and consignments at issue, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

5. Plaintiff, and any and all other parties in interest, have duly performed all valid conditions precedent to the contracts of carriage on their part to be performed and all conditions precedent to Plaintiff's recovery under the identified Bills of Lading have occurred or have been performed by Plaintiff and/or its predecessors or successors in

title.

6. On or about February 6, 2020, the M/V SAFMARINE MAKUTU called at the Port of Callao, Peru.

7. On or about January 8, 2020 at the Port of Callao, Peru, there was shipped and delivered to Maersk, as a common and/or private carrier, for delivery to the Port of San Juan, Puerto Rico, a cargo of grapes in two refrigerated containers, then being in good order and condition, and Defendant then and there accepted said cargo so shipped and delivered to them, and in consideration of certain agreed freight charges, issued certain bills of lading, including but not limited to the bills of lading attached hereto as Exhibit "A", which were signed and delivered by Maersk, or by the Master of the vessel and/or his duly authorized agent, and Maersk agreed to transport and carry the said cargo to the destination stated therein and deliver it to the consignees named in the bill of lading in the same good order and condition as when shipped, delivered to and received by Defendant.

8. Pursuant to the contracts of carriage, Maersk owed a contractual and statutory duty to properly carry, bail, keep, care for, protect, and deliver the shipments to Plaintiff in the normal course, and in the same good order and condition as when received.

9. Specifically, Defendant was engaged to provide cold treatment for the cargo so it would be accepted for discharge by the U.S.D.A.

10. After receiving, loading, and stowing the aforementioned containers of grapes, the M/V SAFMARINE MAKUTU departed the port of Callao, Peru on or about February 8, 2020, and sailed for the Port of San Juan, Puerto Rico.

11. The M/V SAFMARINE MAKUTU arrived at the Port of San Juan, Puerto Rico on or about February 22, 2020, but the two containers were not discharged from the vessel and were not cleared for entry by the U.S.D.A.

12. The containers remained on the M/V SAFMARINE MAKUTU when she departed, and were not discharged and delivered at the Port of San Juan, Puerto Rico until on or about March 7, 2020.

13. Upon inspection, the grapes were not in the same good order and condition as when shipped, but were found to be deteriorated and unmarketable due to the delayed delivery.

14. Efforts to mitigate the loss by selling the grapes on the secondary market were largely unsuccessful, and most of the cargo was dumped.

15. The sound market value of the shipment of 7,024 cases of clementines on the date that they should have been delivered by Maersk was $59,280.

16. The loss sustained by Plaintiff due to the handling of the unmarketable grapes was $66,466.23. Plaintiff reserves the right to revise this amount if different information develops.

17. As a direct and proximate result of the breaches of duty by Maerskthe, Plaintiff sustained damages in the estimated amount of $66,466.23, exclusive of prejudgment interest and costs.

WHEREFORE, Plaintiff, William H. Kopke , Jr., Inc., prays:

(a) Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against Defendant,

MAERSK A/S, t/a SEALAND AMERICAS, citing it to appear and answer, under oath, all and singular the matters herein.

(b) If Defendant, MAERSK A/S, t/a SEALAND AMERICAS, cannot be found within this District, then all of its property, credits and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendant be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in the sum of Four Hundred Ten Thousand Dollars ($100,000).

(d) Judgment be entered in favor of Plaintiff and against Defendant for the damages as aforesaid, with interest, costs and attorney's fees.

(e) The Court grant such other and further relief to Plaintiff as in law and justice it may be entitled to receive.

DEASEY, MAHONEY & VALENTINI, LTD.

BY: _/s/ George Zacharkow_
George R. Zacharkow (GRZ 7099)
1601 Market Street, 34th Floor
Philadelphia, PA 19103
(215) 587-9400 (phone)
(215) 587-9456 (fax)
Email: GZacharkow@dmvlawfirm.com

Attorneys for Plaintiff

Dated: March 5, 2021

# EXHIBIT "A"

Dear customer, please note that changes to payment terms or prepaid payer after an invoice has been made available may be subject to a payer amendment fee starting from the 1st of July 2019. In case you would like to create, view or modify your Standing instructions for payer, please click here - https://www.sealandmaersk.com/payer-standing-instructions/#/

**BILL OF LADING FOR OCEAN TRANSPORT OR MULTIMODAL TRANSPORT**

SCAC: SEAU
B/L No.: SLN309384

**Shipper**
FLORIDABLANCA S.A.C.
CALLE MIGUEL DASSO 117 - PISO 12,
LIMA 27 - PERU
PHONE: (511) 2223244
CONTACT: RAUL DEL MAR

**Booking No.** SLN309384
**Export references**
**Svc Contract** 297823312

Onward Inland routing (Not part of Carriage as defined in clause 1. For account and risk of Merchant)

**Consignee** (negotiable only if consigned "to order", "to order of" a named Person or "to order of bearer")
SUPERMERCADOS ECONO, INC
SABANA ABAJO INDUSTRIAL PARK, 1428
CALLE RIO DANUBIO. CAROLINA PR 00983-1728
REGISTRATION NUMBER: #0116332-0017

**Notify Party** (see clause 22)
JOSE G FLORES INC US CUSTOMS BROKER
P.O. BOX 902-2695, SAN JUAN, P.R 00902-2695. CALLE DIANA LOTE 27 AMELIA INDUSTRIAL PARK. GUAYNABO
PHONE: 787 793-2400
CONTACT: Francisco Flores
Flores@josegfloresinc.com

**Vessel** (see clause 1 - 19): SAFMARINE MAKUTU
**Voyage No.**: 004N

Place of Receipt. Applicable only when document used as Multimodal Transport B/L. (see clause 1)

**Port of Loading**: Callao
**Port of Discharge**: San Juan

Place of Delivery. Applicable only when document used as Multimodal Transport B/L. (see clause 1)

**PARTICULARS FURNISHED BY SHIPPER**

Kind of Packages; Description of goods; Marks and Numbers; Container No./Seal No.

1 Container Said to Contain 2280 BOXES

2280 BOXES OF FRESH GRAPES VARIETY: RED GLOBE
(2280 CAJAS DE UVA FRESCA VARIEDAD: RED GLOBE)
P.A.: 0806.10.00.00
HS: 080610
TEMPERATURE: -0.5 C
HUMIDITY: OFF
VENTILATION: CLOSED
FDA REG. NBR: 12402221650
COLD TREATMENT
FREIGHT COLLECT

"By order of Stanley Orchards Sales LLC"

ADDITIONAL SEAL: 137869

THERMOGRAPHS: 5191069 - 5191064

MNBU9111924 ML-PE0426762 40 REEF 9'6 2280 BOXES 21660.000 KGS 50.000 CBM
Temperature: -0.5 C
Customs Seal: 002AB023470

**Weight**: 21660.000 KGS
**Measurement**: 50.000 CBM

VERIFY COPY

Below freight details will not be part of Original Bill of Lading unless requested by customer
Above particulars as declared by Shipper, but without responsibility of or representation by Carrier (see clause 14)

| Freight & Charges | Rate | Unit | Currency | Prepaid | Collect |
|---|---|---|---|---|---|
| Bunker Adjustment Factor | 403.00 | Per Container | USD | | 403.00 |
| Basic Ocean Freight | 2667.00 | Per Container | USD | | 2667.00 |
| Cold Treatment Service | 1000.00 | Per Container | USD | | 1000.00 |

| Charges Name | Prepaid/Collect | Invoice Party | Customer Code | Collection Business Unit |
|---|---|---|---|---|
| Bunker Adjustment Factor | Collect | SUPERMERCADOS ECONO, INC | 32800015702 | Sealand Puerto Rico - San Juan |
| Basic Ocean Freight | Collect | SUPERMERCADOS ECONO, INC | 32800015702 | Sealand Puerto Rico - San Juan |
| Cold Treatment Service | Collect | SUPERMERCADOS ECONO, INC | 32800015702 | Sealand Puerto Rico - San Juan |

**Carrier's Receipt** (see clause 1 and 14). Total number of containers or packages received by Carrier.
1 container

**Place of Issue of B/L**: Lima, Perú

**Number & Sequence of Original B(s)/L**: THREE/3

**Date of Issue of B/L**:

**Declared Value** (see clause 7.3)

**Shipped on Board Date (Local Time)**: 2020-02-08

SHIPPED, in apparent good order and condition unless otherwise stated herein, the total number or quantity of Containers or other packages or units indicated in the box entitled "Carrier's Receipt" for carriage from the Port of Loading (or the Place of Receipt, if mentioned above) to the Port of Discharge (or the Place of Delivery, if mentioned above), such carriage being always subject to the terms, rights, defences, provisions, conditions, exceptions, limitations, and liberties hereof (INCLUDING ALL THOSE TERMS AND CONDITIONS ON THE REVERSE HEREOF NUMBERED 1-26 AND THOSE TERMS AND CONDITIONS CONTAINED IN THE CARRIER'S APPLICABLE TARIFF) and the Merchant's attention is drawn in particular to the Carrier's liberties in respect of on deck stowage (see clause 18) and the carrying vessel (see clause 19). Where the bill of lading is non-negotiable the Carrier may give delivery of the Goods to the named consignee upon reasonable proof of identity and without requiring surrender of an original bill of lading. Where the bill of lading is negotiable, the Merchant is obliged to surrender one original, duly endorsed, in exchange for the Goods. The Carrier accepts a duty of reasonable care to check that any such document which the Merchant surrenders as a Bill of lading is genuine and original. If the Carrier complies with this duty, it will be entitled to deliver the Goods against what it reasonably believes to be a genuine and original bill of lading, such delivery discharging the Carrier's delivery obligations. In accepting this bill of lading, any local customs or privileges to the contrary notwithstanding, the Merchant agrees to be bound by all Terms and Conditions stated herein whether written, printed, stamped or incorporated on the face or reverse side hereof, as fully as if they were all signed by the Merchant.
IN WITNESS WHEREOF the number of original Bills of Lading stated on this side have been signed and wherever one original Bill of lading has been surrendered any others shall be void.

Signed by the Carrier Maersk A/S trading as Sealand Americas

Maersk Central America S.A.
As Agent(s)

This transport document has one or more numbered pages

To amend these documents, around the clock, log in to your account here https://my.sealand.com/shipmentoverview/documentation/verify

Freight Collect.

"Goods carried under this transport document are subject to cold treatment for which a fee is being charged. For such Goods, Carrier undertakes to exercise due diligence to provide properly approved containers and temperature measuring and recording devices. Carrier reserves the right to retain the Goods inside the Container:
(i) at origin; if between the time the container has been closed by the Merchant and 24 hours prior to the loading on the first vessel the temperature of the Goods has increased or is still out of the agreed protocol; and/or
(ii) at destination; if at the time of arrival at the port of destination, the sterilization period is due to be completed within a maximum of four days.

Carrier reserves the right to re-start the cold treatment protocol during carriage at its discretion when there is sufficient time to finalize the protocol within a maximum of four days after the arrival of the last vessel, according to the transport plan, to the port of destination.

Carrier reserves the right to change the set temperature in the Container to ensure the timely completion of the cold treatment protocol.

If the Carrier is not able to complete cold treatment of the Goods in accordance with the above, the Merchants remedy (to the exclusion of any other) is, that:
(i) if the Merchant choses to complete cold treatment after delivery of the Goods by the Carrier; the Carrier will waive any detention, demurrage and/or storage costs for up to five (5) days; or
(ii) if the Merchant decides to divert the Goods to a new destination where cold treatment is not required; (a) the Carrier will waive the change of destination charge and freight to such new destination; and (b) the Carrier will compensate the Merchant for the difference in value of the Goods at the original destination and the destination chosen under this item (ii) (values to be determined with reference to relevant source for sound market value of the particular commodity as determined at the discretion of the Carrier).

Merchant agrees to hold harmless and indemnify Carrier for any and all consequences arising from or out of Goods being carried at an agreed temperature lower than the optimal carriage temperature for the goods."

| Freight & Charges | Rate | Unit | Currency | Prepaid | Collect |
|---|---|---|---|---|---|
| USDA Inspection Charge | 237.00 | Per Container | USD | | 237.00 |
| USD | | | USD | | 4307.00 |

| Charges Name | Prepaid/Collect | Invoice Party | Customer Code | Collection Business Unit |
|---|---|---|---|---|
| USDA Inspection Charge | Collect | SUPERMERCADOS ECONO, INC | 328000 15702 | Sealand Puerto Rico - San Juan |

B/L: SLN309384     Page : 3

CY/CY

CY/CY

| Freight & Charges | Rate | Unit | Currency | Prepaid | Collect |
|---|---|---|---|---|---|
| | | | | | |

| Charges Name | Prepaid/Collect | Invoice Party | Customer Code | Collection Business Unit |
|---|---|---|---|---|
| | | | | |

Dear customer, please note that changes to payment terms or prepaid payer after an invoice has been made available may be subject to a payer amendment fee starting from the 1st of July 2019. In case you would like to create, view or modify your Standing instructions for payer, please click here - https://www.sealandmaersk.com/payer-standing-instructions/#/

| | BILL OF LADING FOR OCEAN TRANSPORT OR MULTIMODAL TRANSPORT | SCAC SEAU |
|---|---|---|
| | | B/L No. SLN299398 |

| Shipper | Booking No. | |
|---|---|---|
| FLORIDABLANCA S.A.C.<br>CALLE MIGUEL DASSO 117 - PISO 12,<br>LIMA 27 - PERÚ<br>PHONE: (511) 2223244<br>CONTACT: RAUL DEL MAR | SLN299398 | |
| | Export references | Svc Contract<br>297823312 |
| | Onward inland routing (Not part of Carriage as defined in clause 1. For account and risk of Merchant) | |

| Consignee (negotiable only if consigned "to order", "to order of" a named Person or "to order of bearer") | Notify Party (see clause 22) |
|---|---|
| SUPERMERCADOS ECONO, INC<br>SABANA ABAJO INDUSTRIAL PARK, 1428 CALLE RIO DANUBIO.<br>CAROLINA PR 00983 - 1728<br>REGISTRATION NUMBER: #0116332-0017 | JOSE G FLORES INC US CUSTOMS BROKER<br>P.O. BOX 902-2695, SAN JUAN, P.R 00902-2695. CALLE DIANA LOTE 27 AMELIA INDUSTRIAL PARK. GUAYNABO<br>PHONE: 787 793-2400<br>CONTACT: Francisco Flores<br>fflores@josegfloresinc.com |

| Vessel (see clause 1 + 19) | Voyage No. | Place of Receipt. Applicable only when document used as Multimodal Transport B/L. (see clause 1) |
|---|---|---|
| SAFMARINE MAKUTU | 004N | |

| Port of Loading | Port of Discharge | Place of Delivery. Applicable only when document used as Multimodal Transport B/L. (see clause 1) |
|---|---|---|
| Callao | San Juan | |

**PARTICULARS FURNISHED BY SHIPPER**

| Kind of Packages; Description of goods; Marks and Numbers; Container No./Seal No. | Weight | Measurement |
|---|---|---|
| | 21660.000 KGS | 50.0000 CBM |

1 Container Said to Contain 2280 BOXES

2280 BOXES OF FRESH GRAPES VARIETY: RED GLOBE
(2280 CAJAS DE UVA FRESCA VARIEDAD: RED GLOBE)
P.A.: 0806.10.00.00
HS: 080610
TEMPERATURE: -0.5 C
HUMIDITY: OFF
VENTILATION: CLOSED
FDA REG. NBR: 12402221650
COLD TREATMENT

"By order of Stanley Orchards Sales LLC"

ADDITIONAL SEAL: 137863

THERMOGRAPHS: 5191092 - 5242095

SUDU6232086  ML-PE0426740  40 REEF 9'6  2280 BOXES  21660.000 KGS  50.0000 CBM
Temperature: -0.5 C
Customs Seal: 002AB023463
Freight Collect.

Below freight details will not be part of Original Bill of Lading unless requested by customer
Above particulars as declared by Shipper, but without responsibility of or representation by Carrier (see clause 14)

| Freight & Charges | Rate | Unit | Currency | Prepaid | Collect |
|---|---|---|---|---|---|
| Bunker Adjustment Factor | 403.00 | Per Container | USD | | 403.00 |
| Basic Ocean Freight | 2667.00 | Per Container | USD | | 2667.00 |
| Cold Treatment Service | 1000.00 | Per Container | USD | | 1000.00 |

| Charges Name | Prepaid/Collect | Invoice Party | Customer Code | Collection Business Unit |
|---|---|---|---|---|
| Bunker Adjustment Factor | Collect | SUPERMERCADOS ECONO, INC | 32800015702 | Sealand Puerto Rico - San Juan |
| Basic Ocean Freight | Collect | SUPERMERCADOS ECONO, INC | 32800015702 | Sealand Puerto Rico - San Juan |
| Cold Treatment Service | Collect | SUPERMERCADOS ECONO, INC | 32800015702 | Sealand Puerto Rico - San Juan |

| Carrier's Receipt (see clause 1 and 14). Total number of containers or packages received by Carrier. | Place of Issue of B/L |
|---|---|
| 1 container | Lima, Perú |

| Number & Sequence of Original B(s)/L | Date of Issue of B/L |
|---|---|
| THREE/3 | |

| Declared Value (see clause 7.3) | Shipped on Board Date (Local Time) |
|---|---|
| | 2020-02-08 |

SHIPPED, as far as ascertained by reasonable means of checking, in apparent good order and condition unless otherwise stated herein, the total number or quantity of Containers or other packages or units indicated in the box entitled "Carrier's Receipt" for carriage from the Port of Loading (or the Place of Receipt, if mentioned above) to the Port of Discharge (or the Place of Delivery, if mentioned above), such carriage being always subject to the terms, rights, defences, provisions, conditions, exceptions, limitations, and liberties hereof (INCLUDING ALL THOSE TERMS AND CONDITIONS ON THE REVERSE HEREOF NUMBERED 1-26 AND THOSE TERMS AND CONDITIONS CONTAINED IN THE CARRIER'S APPLICABLE TARIFF) and the Merchants attention is drawn in particular to the Carrier's liberties in respect of on deck stowage (see clause 18) and the carrying vessel (see clause 19). Where the bill of lading is non-negotiable the Carrier may give delivery of the Goods to the named consignee upon reasonable proof of identity and without requiring surrender of an original bill of lading. Where the bill of lading is negotiable, the Merchant is obliged to surrender one original, duly endorsed, in exchange for the Goods. The Carrier accepts a duty of reasonable care to check that any such document which the Merchant surrenders as a bill of lading is genuine and original. If the Carrier complies with this duty, it will be entitled to deliver the Goods against what it reasonably believes to be a genuine and original bill of lading, such delivery discharging the Carrier's delivery obligations. In accepting this bill of lading, any local customs or privileges to the contrary notwithstanding, the Merchant agrees to be bound by all Terms and Conditions stated herein whether written, printed, stamped or incorporated on the face or reverse side hereof, as fully as if they were all signed by the Merchant.
IN WITNESS WHEREOF the number of original Bills of Lading stated on this side have been signed and wherever one original Bill of Lading has been surrendered any others shall be void.

Signed by the Carrier Maersk A/S trading as Sealand Americas

Maersk Central America S.A.
As Agent(s)

This transport document has one or more numbered pages

To amend these documents, around the clock, log in to your account here https://my.sealand.com/shipmentoverview/documentation/verify

B/L: SLN299398   Page: 2

"Goods carried under this transport document are subject to cold treatment for which a fee is being charged. For such Goods, Carrier undertakes to exercise due diligence to provide properly approved containers and temperature measuring and recording devices. Carrier reserves the right to retain the Goods inside the Container:
(i) at origin; if between the time the container has been closed by the Merchant and 24 hours prior to the loading on the first vessel the temperature of the Goods has increased or is still out of the agreed protocol; and/or
(ii) at destination; if at the time of arrival at the port of destination, the sterilization period is due to be completed within a maximum of four days.

Carrier reserves the right to re-start the cold treatment protocol during carriage at its discretion when there is sufficient time to finalize the protocol within a maximum of four days after the arrival of the last vessel, according to the transport plan, to the port of destination.

Carrier reserves the right to change the set temperature in the Container to ensure the timely completion of the cold treatment protocol.

If the Carrier is not able to complete cold treatment of the Goods in accordance with the above, the Merchants remedy (to the exclusion of any other) is, that:
(i) if the Merchant choses to complete cold treatment after delivery of the Goods by the Carrier; the Carrier will waive any detention, demurrage and/or storage costs for up to five (5) days; or
(ii) if the Merchant decides to divert the Goods to a new destination where cold treatment is not required; (a) the Carrier will waive the change of destination charge and freight to such new destination; and (b) the Carrier will compensate the Merchant for the difference in value of the Goods at the original destination and the destination chosen under this item (ii) (values to be determined with reference to relevant source for sound market value of the particular commodity as determined at the discretion of the Carrier).

Merchant agrees to hold harmless and indemnify Carrier for any and all consequences arising from or out of Goods being carried at an agreed temperature lower than the optimal carriage temperature for the goods."

CY/CY

| Freight & Charges | Rate | Unit | Currency | Prepaid | Collect |
|---|---|---|---|---|---|
| USDA Inspection Charge | 237.00 | Per Container | USD | | 237.00 |
| USD | | | USD | | 4307.00 |

| Charges Name | Prepaid/Collect | Invoice Party | Customer Code | Collection Business Unit |
|---|---|---|---|---|
| USDA Inspection Charge | Collect | SUPERMERCADOS ECONO, INC | 328000 15702 | Sealand Puerto Rico - San Juan |